And now, to wit, July 2d, 1873, decree reversed, and the the court is directed to send the case back to an auditor to restate the account.

Hon. *Thos. E. Franklin,* and *D. G.* and *B. F. Eshleman,* Esqrs., for appellant. *Jesse Landis* and *Samuel H. Price,* Esqrs., for appellee.

NOTE.—See opinion *in re* estate of John Gyger, vol. I., page 99, CHRONICLE.

---

*Twentieth Judicial District.*

# In the Court of Common Pleas of Berks County.

## MUHLENBERG *v.* EILER, GARNISHEE.

Moneys in the hands of a treasurer of a railroad company are held in his fiduciary and official capacity, and cannot be attached by process issued on a judgment against the company and service on the treasurer as garnishee.

**Rule for judgment on the answers of the garnishee.**

Opinion by

WOODWARD, P. J.     The plaintiff having obtained a general judgment against the bridge company, issued a fieri facias, by virtue of which the real estate of the corporation, consisting of the bridge and its appurtenances was levied upon and condemned. This attachment was then issued the treasurer of the company being the garnishee, and the funds attached being moneys received for tolls. It was said in Fowler *v.* The Pittsburgh, Fort Wayne, and Chicago Railroad Company, 11 Casey, 22, that "the purpose of an attachment execution is to reach the effects of a defendant in the hands of third persons." In that case, an effort had been made to collect a judgment against the corporation by an attachment, in which its ticket agents were made garnishees, and the funds in their hands had been produced by the sale of tickets to passengers. It was held that the creditors could not touch such funds. The exceptional and peculiar case of Reed *v.* Penrose's Executrix, 12 Casey 214, recognized the same general doctrine. General Reed, the president of the Erie Canal Company, was a banker. The moneys collected for tolls and water rents were deposited with him by the treasurer, under a contract that they should be returned on call and that meanwhile the deposit should bear interest. The moneys were attached, and it was held that the plaintiff was entitled to recover, on the ground that the garnishee held the relation of a contract debtor to the company. The supreme court said: "Nor is there anything in the fact that he was president. That might be important if we were inquiring for the expectations of the depositors, or seeking for an honorary obligation. But his presidency did not prevent his making any contract with the company, and he did contract as banker. Not as president did he receive the money. Not as president is he sued, but as a party to a contract." In the present case the fund in controversy is admittedly and unmistakeably in the very grasp of the corporation. The treasurer is the garnishee, and the moneys in his hands are held in no other than his fiduciary and official capacity.

The rule to show cause is discharged.